Thank you, Your Honor. Good afternoon. I'm Stephanie Marcus from the Department of Justice, and I represent Alex Azar, Secretary of HHS, who is appellant cross-appellee in this case. With the court's permission, I would like to try to reserve five minutes of time for rebuttal. In this case, the district court erred by holding that a Local Coverage Determination, or LCD, is covered under the Medicare Act rulemaking requirements under Section 1395 H.H.A. 2. Under that section, the Secretary is required to engage in notice-and-comment rulemaking when he promulgates a rule, requirement, or statement of policy that establishes or changes a substantive legal standard governing payment for items or services. Here, an LCD does not qualify under the plain text of Section 1395 H.H.A. 2 for several reasons. First, the Secretary doesn't issue LCDs. A Local Coverage Determination is issued by a private contractor and is a determination with respect to a particular item or service that applies solely contractor-wide. It is not an agency rule requirement or policy that applies nationwide, such as the one at the Supreme Court. Are you saying this is a nationwide coverage or would it have to come under the umbrella of coverage? Is that your position? That is one. We do think Section 1395 H.H.A. does only apply to the nationwide coverage because, by definition, when the agency is promulgating a rule, requirement, or policy for Medicare, it will do so for the program as a whole, but there are other reasons as well why this doesn't qualify. There are other reasons, I'm sure, but just for your initial reason, is it your position that it was not an NIT nationwide policy that it never could be covered? Is that your position? Um, I don't think that it could be covered. However, the court does not need to decide that because there are other aspects of this which distinguish it from what is covered under 1395 H.H.A. Council, would it make any difference if you had a service where there was only one provider in the whole country and it was covered by only one fiscal intermediary decision, even though the services were rendered throughout the country? I mean, the plaintiff in this case contends that basically, for them, where they serve lots of different places, this is sort of the death penalty for their business, but I could imagine a circumstance where it's like the only provider. Would it make any difference to the government in that situation? No, Your Honor, because that would just be a unique, factual circumstance of that local coverage determination. As we pointed out in our brief, if you have a test that a supplier or provider developed somewhere else in the country, even if there was the situation you described, there could be a provider or supplier that developed a different test that would be covered by a different, or you could have another provider located in a different contractor's jurisdiction. But the other key point is that even what Your Honor is referring to would not be review. The contractor determination is not binding even on qualified independent contractors, which is the next level above reconsideration by the same contractor. It only binds the contractor itself. And the statutory definition of local coverage determination makes this clear. It actually states that it's covered on an intermediary or carrier-wide basis, which is a contractor-wide basis. But it's entitled everywhere to substantial deference, right? Under agency regulations, it is, Your Honor. However, the regulations also make clear that at all of those levels of review, that the adjudicators may disregard the LCD so long as they give reasons and explanation for doing so. Is there anything in the record about how often with particular kinds of LCDs, different adjudicators reach on the same issue, different results that like number one says yes, and number two, when it comes back at another time, it's like the exact same circumstance says no. Is there anything in the record as to how often that happens? I think in the record in this case shows that that does indeed happen as the ALJ actually rules. Right. But that's in the same chain. I'm talking like for a different claim. Is there anything in the record about how often there are different results on the same issue? Your Honor, I think the fact that there's not it's not that I don't know that there's anything in the record on that. I do know that agenda cited a report that discussed inconsistencies among LCDs and the need for the secretary to do more with respect to the statutory process outlined by Congress, which we also think supports our position that a local coverage determination is simply a pre they're supposed to be precursors of national coverage determinations. And Congress has directed the secretary to develop a plan to evaluate new local coverage determinations to determine which should be adopted nationally. It also stated that the and so there there is an understanding with the thousands of appeals nationwide by not just providers, suppliers, but beneficiaries that just to effectively and efficiently administer the Medicare program, there is going to be some inconsistency at the outset. And that may not be with respect to every service or every medical device or it may not be with respect to but there's so many. Let me get some clarity. Maybe you can help me because you're much more experienced in this matter than I am, obviously. But today, this case would not be before us. The statutory scheme has been changed as of 2016, from what I understand. So if this was a case that was being litigated under the current statute, would you agree that this would be an LCD that would be applicable? Oh, yeah. Well, yes, in that the the LCD, are you saying your honor that if it is true that this particular LCD was not subject to the 2016 separate notice and comment procedures? Yes. Would it not be today is what my question is. It seems they were dealing with situations that could repeat again, sort of an outlier case, right? Dealing with the prior statutory schemes such as it is or was. Am I missing something? Your honor, I think that under the district courts holding the court appeared to think that this in the future, this type of LCD would have to go through both the 2016 separate process under Section 1395Y and notice and comment. So I mean, we submit that the answer should be the same, both in this case and currently with LCDs promulgated now. It is true that since 2016, the LCDs were required to go through this process, but we think that process shows, confirms that Congress never intended LCDs even prior to 2016. It seems to me that what the statute has done now has put in place what in practice has existed before. The MAC is involved with the creating the LCDs, right? And it just seems that that has always been the case, but now it's put into a statutory context. Let me back up a little bit. You know, I'm sure you read Judge Kavanaugh's decision in the district court case when he was a lowly district court judge, right? And we're talking about what constitutes a substantive legal standard. It seems to me that that's the bottom line of what we have to determine. And he says that at a minimum, it includes a standard that creates, defines, and regulates the rights, duties, and powers of parties. Do you think that the MAC's determination in embracing its LCD or rejecting it meets that standard, that it does indeed regulate the rights, duties, and powers of parties? No, Your Honor, we do not because it doesn't announce the agency's policy with respect to the Medicare program. It's just that contractors. Well, I get the position, but let me see whether you can answer these questions. Do you agree that MACs are required to follow their own LCDs? I think we agree on that, don't we? Yes, yes. And here it made a determination, right? And if a determination based on an LCD is not appealed, isn't that an appeal? Do you agree with that? Yes, but we think that's... They're going to create it, right? Okay. So if, don't LCDs create, define, and regulate a claimant's right at the initial stage of review, the initial stage of review? At the very initial stage, but that claimant has the right to appeal, and in fact, the agreed beneficiary can challenge the LCD directly. Here's my next question. Do you agree that LCDs are entitled to substantial deference from ALJs and the Medicare Appeals Council? Are they entitled to substantial deference? I think that's what it's required, right? Under agency regulations, yes. Do you agree whether an ALG can be reversed for failure to show substantial deference to an LCD, like in this case? Yes, if the Medicare Appeals Council does not think the reasons the ALJ gave for doing that are sufficient. So don't LCDs continue to regulate the rights of parties at higher levels of review? No, they don't, but they don't establish or change a substantive legal standard, because that would have to be adopted by the agency, and any level of review... Give me an example where it would change a substantive legal determination. We start off now with an LCD. The MACs are required to follow it, right? It can be changed because substantial deference has to be given. Isn't that a change? No, the change means like over a... The change, what they're getting at there, I think, is if a regulation that the agency has already promulgated is changed by a subsequent regulation or the policy. It's not within one case of a standard. What aside do you have for that? It's a strange interpretation to me. Do you have any... What's your best case that supports that? I think, Your Honor, again, I would go back to the statutory text, and if you look at 1395 H.H.A. 2, it's talking about the secretary shall prescribe regulations as may be necessary to carry out the insurance programs, and then it says no rule requirement or other statement of policy other than a national coverage determination. That, it would be... We think that completely supports our position as well, because an LCD... That's why you said it has to be a national coverage determination. You're getting back to what you originally said when you began your H.H.A. 2 is discussing things that are promulgated by the secretary or the agency for the Medicare program as a whole, but you can... The statute itself defines an LCD as something entirely different and also has a completely separate notice and comment process that the contractor, not the secretary, is required to follow, and if this court were to affirm the district court, it would require the secretary to engage in notice and comment rulemaking on something the contractor is already separately engaging in its own notice and comment procedure. You never have to do that today under the new statutory scheme. This is exactly what we require today. Why is that such an odd proposition? Because it's not required, your honor, because this is the first court that has ever held that an LCD is covered by 1395 H.H. I'm quoting you because am I wrong that under the current statutory scheme that was enacted in 2016, notice and comment would be required of LCDs? But it's an entirely separate process. It's by the contractor. It's less formal. It's not... The federal register is for agency promulgations by the secretary, and this is the process in 1395 Y is 45 days, not 60. It's on the Medicare and contractor website, not the federal register. You talk about contractors, but it's the M.A.C. that's doing this. The M.L.C. decides on whether to embrace an LCD or not. Your honor, these decisions are done in the context of a particular claim or appeal. They are not... The M.A.C. is just deciding whether the ALJ properly did or did not defer to the LCD and whether there are reasons to depart from it with respect to the particular, like in this case, the particular diagnostic test used. The M.A.C. would... The appeals... I don't want to say M.A.C. because the M.A.C. is the Medicare Administrative Contractor. The appeals counsel, so I don't want to confuse that, but... They're the ones determining whether an LCD should or should not be embraced. That's what they're there for. They listen to advice. They get information from professionals. People comment about it. It's a substantive determination, and you agree that that is absolutely a final determination if there were no appeal. You would agree to that. But that's only if there's... But it is not binding on anyone but that contractor, and it's up to the individual whether or not they want to challenge it. And in the absence of an LCD, it would be just as binding on the provider or beneficiary if the contractor would still be required to determine, and this court said this in Erringer v. Thompson, that what the contractor is doing is just interpreting the statutory reasonable and necessary standard, which is the substantive standard here. It's a statutory standard, which the contractor is interpreting, and the LCD just allows the contractor to be more transparent about... And counsel, the argument that you just made was an argument that the government chose not to make in the Alina case, as the Supreme Court's opinion points out, saying that the result might have been different had the government made that argument. Is that correct? Yeah, I mean, there are different statutory standards that were at issue there. It wasn't a reasonable and necessary case, but yes, in here, there is a... We are making the argument this court has already held with respect to LCDs that that is what the contractor is doing in that situation. And... Could I just ask one last question, and then we'll give you a little bit of time for rebuttal, but do you think that we should use the D.C. Circuit's definition of substantive legal standard from the D.C. Circuit opinion in Alina? Whether or not you do, we would win either way, I mean, for all the reasons I've given. So, you know, I'm not taking a position on that in this case, but I think we think even if you apply the D.C. Circuit standard, this clearly, for the reasons given, that it's promulgated by a contractor, applies only contractor-wide, and it's simply the contractor interpreting for a particular item in service, whether it's reasonable and necessary. What would be the practical result today of your theory and your position? What would be the practical result today if this were happening today? The practical result would be that a new LCD would go through the contractor notice and comment procedure that's outlined in the statute. So, I'll still give you a couple minutes for rebuttal because we took you over your time, but let's hear from Mr. Hooper in the meantime. Thank you, Your Honor, and may it please the Court, Patrick Hooper for Agendia, Inc. Counsel began her argument by saying and stressing that the Secretary didn't issue this policy, and it's not of national, it doesn't cover the entire nation. In my mind, that is a fairly major admission about why we contend this is too much power being given to a Medicare contractor. This is a very significant policy, and the fact that the Secretary doesn't issue it triggers the delegation issue that we've identified. Now, recognize that's always an appeal battle, but as you know in our cross-appeal, we thought if ever there's a case where a private party has too much authority, it's this situation. And if counsel, if the Secretary had actually issued this case, and then national in scope, then that would have been what constitutes a national coverage determination, and we wouldn't be here looking at the impact of a local coverage determination. This is a classic local coverage determination that impacts the United States. If you are a, all beneficiaries in the United States, if your doctor, your breast cancer patient, and your doctor orders these very important tests to be done, the only provider in the country that can provide these particular tests is Agendia. And wherever you are in the country, it will perform the test, and it will be unfortunately denied coverage because of this local coverage determination. So I don't know how you could be, and I don't know how there could be any more of a national impact than this kind of situation. So you have- So looking at the statute as it was at the time of this decision, so before the 2016 amendments, why would it make sense for LCDs to have a higher level of notice and comment requirement than the national standards? Yes, that's, I get that, Your Honor. I think when Your Honor looks at the coverage, looks at the promulgation process for a national coverage determination, I think it is virtually the same. There may be a 30-day as opposed to a 60-day notice period, but the national coverage determination is coming out of the government with government folks doing it, and there is this independent process it has to go through. I don't think making the LCDs go through the HH, the 1395HH process is more onerous than going through the national coverage. Counsel, as I understand the district court's ruling that if we affirmed, then the LCDs would now have to go through both. Is that right? They would have to go through the process in the register. The agency would have to do the normal federal register agency and comment. Is that right? That's what the court said. The court said that's not, they're not mutually exclusive, and I think if you look very hard at the 1395 process, that is a separate process in my mind that is intended to get a certain audience to input involved, but then to get the public input, I would think you'd have to go through the traditional rulemaking. The answer is yes. Is it your position that currently the LCDs should have to go through both processes? Well, that's the district court's position. I think it is sound, and who am I to second guess the district court in this, but I think we would be looking at that de novo, so what do you think we should say? Well, I think that it should go through the HH, excuse me, the 1395HH process, and before that process, I believe it should go through the 1395Y process, so yes, but they don't, they aren't, they aren't the same when you really look at it. And you think it's, you think it's plausible that that's what the Congress intended? Well, it seems to me they don't like to go through, if it's identical, there's no need to go through both, but I don't think they're identical, your honor, as I said before, and I think as Judge Block pointed out, I think 1395 kind of memorialized what was going on already with the Medicare administrative contractors. They had this kind of de facto process where they would try to get people, doctors involved and others involved, but it wasn't the same process that's required in the 1395HH, which is going to involve everyone, including members of the public, including doctors, others who may not even know. So I think they're separate processes. That's the best I can do. Counsel, one thing that I want to make sure you address, so my biggest concern with your argument moving away from the delegation argument, is that for you to win, this has to establish or change a substantive legal standard governing the scope of benefits. And the government has argued with some force that the substantive legal standard is in 1395YA1A reasonable and necessary. And that no matter what the LCDs do or promulgate, the only substantive legal standard governing these issues are reasonable and necessary. So they couldn't possibly, these LCDs couldn't possibly change it. And if that's right, you lose on this issue. Why are they wrong? Well, Your Honor, I think that was addressed by the court in Alignum because a couple of reasons. One, as we all know, the statutes contain very general provisions. We're talking about thousands and thousands of services that are provided, health care services. No one, I think, can reasonably read reasonable and necessary as answering the question for each service. Therefore, there's a gap. And I think this is a classic gap-filling policy. But, Counsel, in Alignum, the Supreme Court said separately, we can imagine that the government might have sought to argue that the policy at issue here didn't establish or change a required itself to count Part C patients in the Medicare fraction. And here, the government's argument is the statute itself requires reasonable and necessary. And that's the only substantive legal standard here, not whether one test that Mrs. Smith or Mr. Yoshimura got was reasonable or necessary. Well, this policy that we're looking at impacts much more than Agendia's molecular diagnostic testing. In this particular case, and that point might be applicable if we were dealing with a specific kind of procedure where you could say the LCD is limited to a particular kind of procedure. But, Your Honor, I think in this case, this is a very unique national, excuse me, local coverage determination because it says all molecular diagnostic tests, not just the molecular diagnostic tests here, but all of them that are done by laboratories throughout the country. And this is a very, important field. So counsel is your argument that some LCDs have to go through notice and comment and some don't? Yes, I think I think I would agree with that. And in this case, to me, the simple answer is that a substantive legal standard is that we had an administrative law judge say that we should, Agendia should be covered in this particular, the testing should be covered. But solely due to this LCD, Agendia is not having its testing covered. That's not a procedural or an interpretive rule. That is a change in substance. And I realize I'm applying it to a case now, but what this policy did was establish, didn't change, it established a new policy for all molecular diagnostic tests. You can read reasonable and necessary all you want, your honor. And I don't think anybody can say one way or another whether Congress dealt with that issue. This is one of those classic, very, very broad delegation. Let me ask you this. I'm a little confused, you know, with one view of this is that the standard is reasonable and necessary. And this has to be changed to what unreasonable and unnecessary. I don't understand what that means. I think that there could be changes in terms of how you go through the process, whether the differences do or not do. I understand that can change the dynamics. But how do you change from reasonable and unnecessary to something that's not reasonable? Well, I, if I understand that judge and if that were the case here, if the administrative law judge had not made a finding that this was reasonable and necessary, I would say that's because that the statute is controlling. We always argue these cases and we put on evidence to show the statute is controlling. And we had an expert on colleges and we also had other folks testify at the hearing. And we put it on. So does that mean that in your view, what converts this statute into one that requires notice and comment is simply the substantial deference part and that without that, there wouldn't need to be notice and comment? Well, that I think to answer that, your honor, I think it's not necessary that that regulation came into power to all of a sudden make that it made it much more difficult. In this case, it made the LCDs virtually rubber. The agencies had the rubber stamp them. But I think in this particular case, though, that you did not have to have to reach that particular point. Can I just ask you, I wasn't understanding. I don't think from your briefs that you were arguing that some LCDs needed notice and comment, but not others. Could you explain which ones needed and which ones don't? Well, no, I honestly cannot explain that. I'm only dealing with the one here, which was an extremely broad LCD that had national impact. And in that situation, I'm not saying this court has to make a ruling that affects all local coverage determinations. When the contractor is announcing an LCD, how does it know whether it needs to do notice and comment first in your view? Well, I think it would be the secretary that should make that determination. And I think when there is a secretary isn't usually involved in the formation of the LCD, right? Right. And that's one of the problems. And by the way, I want to come back to Judge Bennett there. I lost my thought for a second. But I want to just say in response to Judge Friedland, that in this particular case, the LCD was binding on the initial determinations. And that's why we made, that's why we cited the Federal Circuit case recently, because it had... I'm just confused. Would the contractor who's issuing the LCD know necessarily whether there was someone else in the country, in a different region who was offering a similar product or service? Well, in this case, there's only... When you have these kind of tests, these molecular diagnostic tests, they are a unique laboratory test. And only one laboratory provides these particular tests. There are other kinds of breast cancer testing that are provided by other laboratories. But these are unique tests, and there's only one in the country that does it. But would the contractor know that? That was my question. Yes, absolutely. They absolutely know it, Your Honor. Please go ahead and finish your answer to Judge Friedland. That's exactly why they have this Moldex process, because they know all these molecular diagnostic tests are run by different companies. And they expect each company to come through this process and prove the medical necessity. I don't mean this to be a flip question. So it may sound that way, but I don't mean it to be that way. But so are you suggesting that our ruling in this case should be that this particular LCD needed notice and comment? Some do, some don't. And we end there and leave it to the next court to decide which do and which don't? Well, I think Alina did a little bit of that, Your Honor. And I wish there was a bright line. But all I know is this one, which said all molecular diagnostic testing, none of it is covered until we approve it. That to me is broad enough and establishes a new legal standard that in this case, the court can say this one should have been promulgated as a regulation. I'm not certain the contractor would even know what the Administrative Procedure Act is, Your Honor. That's one of our problems here. These are not government people. This is a medical director at a private insurance company who decided the fate of all these molecular diagnostic tests. That's why we're so troubled by the delegation in this case. So I can't say for sure, getting back to you, Judge Freeman, I can't say for sure they would know which ones have to go through which ones don't. The Secretary needs to come into this and straighten it out. They've been criticized by their own Inspector General about uncovering determination there. Mr. Hoover, I think Judge Block is trying to ask a question, but it's a little hard to hear. I'm not sure if you've heard or not now with this wonderful system we have, but I'd like to ask you this. Tell me whether I'm wrong here. It seems to me we're talking about who is that person, Shakespeare, much ado about nothing, that, you know, all you're asking is that the same process that exists today should have been implemented way back before the new statute came into existence. Obviously, they will be doing it today, and they should have been doing it before, and we're really talking about a sort of an outlier situation, which is not likely to repeat. And it seems to me it's as simple as that. These are rights that are being determined. They're final by the NAC, and they can be subject to appeal. They can be given deference. They can be changed. Seems to me that that's what you're trying to say, but I'm a little bit muddled in how you're trying to articulate yourself. Well, that's why you're the judge, and I'm the lawyer. But no, I agree, Your Honor. I think you've identified it. I accept that. What got me a little thrown off there was that the district court does seem to say there should be two processes, and that's not easy to reconcile unless there are two separate processes. But using your reasoning that the process definitely applies once 2016, yes, you could conclude they should have done that. What is the process today? Are there two processes under the new statute? I'm a little confused. That's what I would say. One is what I would call preliminary quasi-legislative process, and another is the traditional rulemaking. It's the same that existed before in practice, which is now being formalized by the new statute, correct? Okay, we've taken you over your time. Thank you. We'll give Ms. Marcus two minutes for rebuttal. You're muted. I'm sorry. Thank you, Your Honor. I first wanted to respond to and it was counsel's seeming argument that it would be specific LCDs. Some would be subject to 1395, and some wouldn't, and that's completely impractical under the Medicare statute and the whole administrative appeals process. Is that also impractical today? Would it also be equally contractor-led, more informal process that Congress itself requires in 1395? Why? That's undisputed that that applies. However, to have the Secretary engage in rulemaking for hundreds of LCDs and some of which, as we pointed out, you could have two different LCDs, and then there'd have to be a separate determination about whether this LCD is wrong or not. Two separate LCDs, there are two different MAC determinations. How many MACs do we have in the country today? 10, 11, 12, 5? I think it's around that, Your Honor. Right, so these are not all sorts of LCDs. These are MAC determinations, and Congress, in its wisdom, decided this type of process would be the best process rather than to have a national process in the first instance. And these MACs, the dynamics lead ultimately to NITs. So why should we not have the same opportunity for people to comment and interact with the probity of these particular determinations? Oh, but they do, Your Honor. The local coverage determination process under 1395 allows for that. And the contractor has to not only put it on its own website, but on the Medicare internet website at least 45 days before the effective date. And the public has a chance to comment. But I would just direct, Your Honor, to the provisions about national coverage determinations, which again are expressly excluded from 1395 HHA 2. Those are what the secretary is supposed to consider, you know, LCDs for possible creation of a national coverage determination. And the beneficiaries can request that the secretary do so. And the secretary, there's also a process in 1395Y for national coverage determinations, the same statutory subsection as governs notice and comment for LCDs. It's separate and different and 1395Y. I get it, the Ys, the Qs, the double Xs, the double Hs. But it seems to me, and maybe it's because I never had any exposure to this, and I apologize for my ignorance. But we're talking about the same thing today as existed before in the real world now has been formalized in this structured way. I don't see the difference between before and now. Maybe you can explain to me what we're talking about. No, I think to some extent, Congress was in its provisions about LCDs formalizing what was happening with the contractors, again, just interpreting the substantive legal standard that is there in the statute, the reasonable and necessary standard. What would be the huge change? Is it a change that you're suggesting? I have to interrupt you. That's what judges do. Are you telling me that we'd have to have a change from reasonable and necessary to unreasonable and unnecessary? What kind of change are you talking about? Yes, I think that's what I mean, that the substantive legal standard is in in the statute, and there isn't. Reasonable and necessary, how could that ever be changed? But, Your Honor, again, the contractors are interpreting that standard for only the particular item in service for that claimant. It's called a determination, not a rule, requirement, or policy. It's an individual determination. If it is national in scope and it's going to cover everything, then you have a different process set forth in 1395Y, but it's still not the notice and comment 1395HH standard, and that shows that Congress Are you sure you're not relegating form over substance here, Counselor? Yes, I am sure because of the fact that it would make no sense to have national coverage determinations excluded from the more formal Federal Register policy. Your position is that it has to be a national coverage. That's the only thing that applies, right? And that even for, and Congress has recognized for this particular statutory standard that even the national ones don't have to go through the process. Are you telling me no comment and notice is ever needed even now unless it's a national determination? Is that your position? Oh no, Your Honor, we are saying that for both national and local coverage determinations that interpret the reasonable and necessary standard, they do have to go through notice and comment, but it's a different type of notice and comment procedure that is set forth in 1395Y and Congress recognized that the agency didn't need to go through the 1395HH procedure. Could I just ask, so in this, the 2016 amendment that added the in sort of less formal notice and comment procedure for LCDs, it sounds like you and Judge Block might know about the history more than I do. So was that happening informally already, the posting on I assume that before that happened, there was an LCD, some type of process that contractors were doing. I do not know if they were doing, and then maybe the purpose of this was to make sure it was consistent among contractors and that they gave the record. I don't know how many days, I don't know if they had a public. The doctors who were the MAC doctors were making these judgments. They didn't do this under the clear blue sky. Didn't they have professional representation studies? Didn't they reach out to the public and other medical people to make a reasonable determination? I mean, I'm sure that was happening before. Did you take issue with that? I don't take issue with it. I'm not sure. I do know that there was some kind of procedure set up and Congress recognized the whole idea of local coverage determinations when it actually defined the term in the statute, which was well after the 1395AAH provision. So there was no need to expressly exclude LCDs then. And then it was already implicit because Congress in 2003 included the provisions about the secretary basically examining LCDs as potential precursors for a national coverage determination. So there were. I'm going to interrupt because we're way over time. Yes, I'm sorry. But thank you both sides for the very helpful arguments. This case is submitted and we are adjourned for the day. Thank you both so much. Thank you. This court for this session stands adjourned.
judges: Friedland, Block, Bennett